**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL BURNETT,

       *Plaintiff,*

  *v.*

AMIE JENKINS, MATT MACAULEY,
OFFICER JONES, OFFICER ELROD,
and JANE DOES,

       *Defendants*.

_____/

CASE NO. 19-cv-13513
DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY OR PERMANENT INJUNCTION (ECF No. 3)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order (TRO) and Preliminary or Permanent Injunction (ECF No. 3), be **DENIED**.

## II.    REPORT

### A. Introduction

On November 26, 2019, Plaintiff Michael Burnett, who appears before the Court *pro se*, filed this complaint against Defendants Amie Jenkins, Matthew MaCauley, and individuals identified only as Officer Jones, Officer Elrod, and Jane Does, (ECF No. 1, PageID.1) (collectively, "Defendants"), alleging a violation of the Eighth Amendment. (*Id*.)

1

Plaintiff filed the present Motion for a TRO and Preliminary or Permanent Injunction on the same day as his complaint, November 26, 2019. (ECF No. 3.) Although the document is labeled as a Motion for a TRO, Plaintiff references a preliminary or permanent injunction throughout the Motion as well as his complaint; as such I construe this Motion as a Motion for a TRO and a Preliminary or Permanent Injunction. (ECF No. 3.) This Court granted a motion to exclude this case from the Pro Se Early Mediation Program. (ECF No. 11.) All pretrial matters were assigned to the undersigned Magistrate Judge on April 23, 2020. (ECF No. 15). Below, I summarize the allegations set forth in the instant Motion, as well as allegations in the complaint insofar as they correspond to the relief sought at this juncture.

### B.  Factual Background

In his complaint, Plaintiff alleges that Defendants Elrod and Jones forced him to "swallow their feces and other human waste" at the Macomb Correctional Facility jail. (ECF No. 1, PageID.2.) When Plaintiff went to file a grievance, he alleges that Defendant Jenkins told him he "did not know who he was f****** with." (*Id*.)  In retaliation, Plaintiff claims, he was transferred to the Bellamy Creek Correctional Facility. (*Id*. at PageID.2.) Plaintiff claims that Defendants Jane Does, at the Bellamy Creek Correctional Facility, deliver hostile messages to him from Defendants at the Macomb Correctional Facility. (*Id*.) Plaintiff alleges that at Bellamy Creek Correctional Facility, he continues to be forced to swallow fecal matter. (*Id*.)

Plaintiff states that, in response to his grievances, Defendant MaCauley "attempted to reinforce the false mental health label that was placed on [Plaintiff]," and that "[Plaintiff]

2

was falsely labeled as paranoid and schizophrenic by mental health staff who attempted to cover up the fact that [he] was being forced to swallow human waste." (*Id*. at PageID.4.)

In addition, Plaintiff provides that he has a disease known as Gastro Esophageal Reflux Disease (GERD), "which causes [him] to suffer debilitating chest pain that mimic[s] a heart attack," and that he takes prescription medication for this condition; Plaintiff claims that the medication is rendered "useless" because he is "forced to swallow feces and other human waste by Defendants [Jane Does] on every shift and every day." (*Id*. at PageID.6.) Plaintiff provides copies of his many filed grievances and grievance appeals, which were all rejected by the jail and Department of Corrections. (*Id*. at PageID.11, 14, 17, 20, 23, 25, 26, 27.)

In his Motion, Plaintiff relies on the same facts as set forth in his complaint and argues that the Defendants' conduct is in violation of the Eighth Amendment. (ECF No. 3.) In his complaint, Plaintiff seeks: an injunction ordering Defendants to stop forcing him to swallow fecal matter; ordering Defendant MaCauley to report "physical assaults with feces" to the Michigan State Police; $100,000 in punitive damages; and $100,000 in compensatory damages. (*Id*. at PageID.7-8.) In his Motion, Plaintiff requests an injunction ordering Defendants to "stop forcing [him] to ingest" fecal matter. (ECF No. 3 at PageID.63.) At the time of the preparation of this Report, Defendants have not filed a response to this Motion, although they have filed a Motion for Summary Judgment. (ECF No. 13.)

### C. Motion for TRO and Preliminary or Permanent Injunction

Plaintiff moves for injunctive relief which would direct the Defendants to "stop forcing him to ingest human and animal waste." (ECF No. 3, Page ID.63.) When considering whether to issue preliminary injunctive relief, generally, a court must balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.

*Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). Because preliminary relief is "an extraordinary remedy," the movant must make a far more stringent showing of proof than that required to survive summary judgment. *Winger v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014). "Although no one factor is controlling," a movant who cannot demonstrate likelihood of success on the merits typically cannot attain preliminary relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Even so, plaintiffs need not present an "overwhelming" showing of potential success on the merits in order to prevail in their motion. *Sellers v. Univ. of Rio Grande*, 838 F. Supp. 2d 677, 679 (S.D. Ohio 2012). "[W]here a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." *Sango v. Wakley*, No. 1:14-cv-703, 2014 WL 3894652, at *2 (W.D. Mich. Aug. 8, 2014).

Federal Rule of Civil Procedure 65(b) imposes additional safeguards on the issuance of TROs because they may be granted *ex parte*. Their issuance may occur without written

4

or oral notice to an adverse party *only* if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* 65(b)(1)(A)-(B). Such relief, if granted, may only last a maximum of fourteen days absent an extension for good cause or pursuant to consent from an adverse party. *Id.* 65(b)(2). The court must also schedule a preliminary-injunction hearing "at the earliest possible time" where the party who obtained the order must proceed with the motion or else forfeit the relief. *Id.* 65(b)(3). And the adverse party "may appear and move to dissolve or modify the order" on two days' notice to "the party who obtained the order without notice . . . ." *Id.* 65(b)(4).

To succeed on his Motion for a TRO, Plaintiff must show that "the denial of an *ex parte* temporary restraining order pending a preliminary injunction ruling will result in irreparable harm." *Erard v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012). Further, "[a]n *ex parte* TRO is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Id*. "To constitute irreparable harm, an injury must be certain, great, and actual. Irreparable harm cannot be speculative; the injury complained of [must be] of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Lucero v. Detroit Public Schools*, 160 F.Supp.2d 767, 801 (E.D. Mich. 2001) (internal citations omitted).

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's cruel and unusual punishment clause because it constitutes the "unnecessary and wanton infliction of pain" and is "repugnant to the conscience of mankind" by offending our "evolving standards of decency." 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 97, 104 (1976)). To establish a cognizable claim, Plaintiff's allegations must show Defendants' "sufficiently harmful" acts or omissions. *Id.* at 106.

The "deliberate indifference" inquiry incorporates objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective element is met where Plaintiff demonstrates that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016) (quoting *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 361 (6th Cir. 2013)) (explaining that a plaintiff satisfies "the objective component by showing that, 'absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm.'"). The subjective inquiry considers whether the official's state of mind was sufficiently culpable; it requires a showing that an official "knows of and disregards an excessive risk to inmate health or safety." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837) (internal quotation marks omitted). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.*

In addition, "a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory of where the factual contentions are clearly baseless." *Miles v. Kentucky Dep't of Corr.*, No. 5:16-CV-P73-TBR, 2016 WL 3636070, at *2 (W.D. Ky. June 29, 2016), citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). " 'Examples of the latter class are claims describing fantastic or delusional scenarios[.]' " *Id*. quoting *Neitzke*, 490 U.S. at 328.

In *Neitzke*, the Supreme Court carefully outlines the differing standards and procedural protections in dismissing a claim under Rule 12(b)(6) versus under 28 U.S.C § 1915(d). *Neitzke*, 490 U.S. at 327. Importantly, the Court notes, "[w]hat Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id*. However, "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id*. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." I note this distinction here to reiterate that, while it is of great import "to assure equality of consideration for all litigants[,]" *Id*. at 329, citing *Coppedge v. United States*, 369 U.S. 438, 447, (1962), cases which "describe fantastic or delusional scenarios" may be properly dismissed. *Id*. at 328.

7

In *Miles*, the plaintiff, a prisoner, alleged that jail officials intentionally put feces in his mouth while he was sleeping. *Miles*, 2016 WL 3636070 at *3. The plaintiff filed numerous grievances within the jail based on these allegations, and the defendants determined that there was no evidence anyone was entering the plaintiff's cell and attacking him with feces, as alleged. *Id*. The plaintiff also had a history of mental health referrals and reports in the jail, which concluded that he was "functioning normally" but was "delusional" and "fixated on these 'fecal attacks.'" *Id*. There, the Court found that "Plaintiff's allegations regarding these 'fecal attacks' seems 'irrational' and 'wholly incredible' and, thus, subject to dismissal[;]" and further concluded that, "[i]n addition, other than his own handwritten letters, grievances, and his verified motion, Plaintiff has submitted no evidence which supports his claims that Defendants are putting him at serious risk of harm by failing to protect him from these so-called 'fecal attacks.'" *Id*., citing *Wolfe v. Vill. Of Brice*, 37 F.Supp.2d 1021, 1026 (S.D. Ohio 1999).

*Miles* is comparable. Here, Plaintiff makes "irrational" and "wholly incredible" allegations of being force-fed human and animal feces at not one, but two Michigan jails, and that officials at each Michigan jail are conspiring to cause Plaintiff harm. (ECF No. 1, PageID.2-6); *Id*. Plaintiff does not provide evidence of these alleged attacks other than what is alleged in his verified complaint. Further, I note that Plaintiff states he was "falsely labeled" as paranoid and schizophrenic by the mental health staff at the jail. (ECF No. 1, PageID.4.) This suggests that, whether or not he was "falsely labeled," the mental health staff at the jail determined Plaintiff suffered from mental health issues, including schizophrenia.

8

As in *Miles*, here, Plaintiff's claims are incredulous. The limited evidence provided does not suggest a high likelihood of success on the merits of Plaintiff's claim. "Although no one factor is controlling," a movant who cannot demonstrate likelihood of success on the merits typically cannot attain preliminary relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Still, I will analyze the second element, likelihood of immediate or irreparable injury, as it is paramount to Plaintiff's Motion for a TRO. Plaintiff must show that "the denial of an *ex parte* temporary restraining order pending a preliminary injunction ruling will result in irreparable harm." *Erard v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012). "Irreparable harm cannot be speculative; the injury complained of [must be] of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Lucero v. Detroit Public Schools*, 160 F.Supp.2d 767, 801 (E.D. Mich. 2001) (internal citations omitted). In *Miles*, the Court found that "because Plaintiff's allegations regarding there fecal attacks are so 'wholly incredible,' he has likewise failed to present evidence that he will suffer certain and immediate harm, rather than speculative or theoretical." *Miles*, 2016 WL 3636070 at *4. Similarly, here, I conclude that Plaintiff has not provided sufficient evidence that his fear of future harm is not more "speculative or theoretical" than immediate or irreparable. *Id*.

"Given that Plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury, the last two factors of the four factor balancing test do not alter the outcome of this case." *White v. Corr. Medical Services*, No. 1:08-CV-277, 2009 WL 529082, at *4, citing *Gonzalez v. National Bd. of Med. Exam'rs*, 225 F.3d

620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue). While it would not cause substantial harm to Defendants to stop the attacks as Plaintiff alleges them, given their incredulous nature, I also note that "[i]t is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations." *Miles*, 2016 WL 3636070 at *4. Further, regarding the public interest at stake, "the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest." *Id.*, citing *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 WL 4962933, at *7 (E.D. Ky. Nov. 30, 2010).

In summary, because of Plaintiff's failure to allege facts which support a likelihood of success on the merits or immediate and irreparable harm, I recommend that Plaintiff's Motion for a TRO and for a Preliminary or Permanent Injunction be denied.

### D.  Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary or Permanent Injunction, (ECF No. 3), be **DENIED**.

### III.  <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 2, 2020                                      S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Michael Burnett #200640 at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

Date: July 2, 2020                              By s/Kristen Castaneda
                                                       Case Manager