UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ICHAEL</small> B<small>URNETT</small>,

    Plaintiff,

v.

A<small>MIE</small> J<small>ENKINS, ET AL</small>.,

    Defendants.
_____/

Case No. 19-cv-13513

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

**OPINION AND ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#20], GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS [#24] AND OVERRULING PLAINTIFF'S OBJECTIONS [#26]**

This matter is before the Court on Plaintiff Michael Burnett's Complaint and Motion for Temporary Restraining Order, both filed on November 26, 2019. ECF Nos. 1, 3. Plaintiff alleges that he has been repeatedly forced to consume human and animal waste while incarcerated and seeks damages and injunctive relief. ECF No. 1, PageID.3.

This Court referred the matter to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on September 16, 2020, recommending that Plaintiff's Motion for Temporary Restraining Order and Preliminary or Permanent Injunction be denied. ECF No. 20. On July 16, 2020, Plaintiff filed a Motion for Enlargement of Time to File Objections to the Report and Recommendation, citing

1

his limited access to the prison's law library.  ECF No. 24, PageID.428.  The Court finds this is sufficient justification to warrant the brief extension of the deadline to file his objections and thus **GRANTS** his Motion [#24].

Plaintiff subsequently filed his Objections to Magistrate Judge Morris' Report and Recommendation on August 10, 2020.  ECF No. 26.  Defendants filed a Response to Plaintiff's Objections on August 24, 2020.  ECF No. 27.  For the reasons discussed below, the Court will **OVERRULE** Plaintiff's Objections [#26] and **ACCEPT** and **ADOPT** Magistrate Judge Morris' Report and Recommendation [#20].

The instant action stems from Plaintiff's Complaint and Motion for a Temporary Restraining Order relating to his alleged forced ingestion of "feces and other human waste every[] day and on every work shift."  ECF No. 1, PageID.5; *see* ECF No. 3.  In Plaintiff's Motion for a Temporary Restraining Order, Plaintiff sought to enjoin Defendants, who are various employees of the Michigan Department of Corrections, from "forcing him to swallow human and animal waste."  ECF No. 3, PageID.61.  Magistrate Judge Morris' Report and Recommendation, as well as Plaintiff's Opposition and Defendants' Response, focus on the Defendants' alleged violation of the Eighth Amendment.  *See* ECF No. 20, PageID.353.

The Magistrate Judge correctly concluded that Plaintiff failed to allege facts sufficient to demonstrate a temporary restraining order is warranted in this matter.

The Report and Recommendation properly determined that Plaintiff did not establish a likelihood of success on the merits or immediate and irreparable harm. In his Objection, Plaintiff first asserts that his allegations "are not so fantastical or delusional that dismissal is justified." ECF No. 26, PageID.436 (internal quotations omitted). He cites to various cases from the United States Supreme Court and within this Circuit substantiating his argument that claims like his should not be immediately dismissed. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 330 (1989); *see also Jennings v. Bradley*, No. 2:06-CV-154, 2007 WL 2683530, at *6 (W.D. Mich. Sept. 7, 2007), *aff'd*, 419 F. App'x 594 (6th Cir. 2011).

Plaintiff's arguments are misplaced, however, because they address the standards governing dismissal of a *pro se* complaint, not the denial of a request for injunctive relief, as is the case here. Defendants correctly note that there is a heightened standard a plaintiff must meet to obtain the "extraordinary remedy" of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Magistrate Judge Morris correctly concluded that the facts alleged by Plaintiff are insufficient to meet this standard, finding support in a comparable case from the Western District of Kentucky. *Miles v. Kentucky Dep't of Corr.*, No. 5:16-CV-P73-TBR, 2016 WL 3636070, at *1 (W.D. Ky. June 29, 2016).

As in *Miles*, Plaintiff here describes similar "fecal attacks [that] seem irrational and wholly incredible," especially when the allegations are supported by

nothing other than the Plaintiff's own written grievances and his Complaint. *Miles*, No. 5:16-CV-P73-TBR, 2016 WL 3636070 at *3 (denying preliminary injunctive relief after finding that the plaintiff's allegations of forced fecal consumption were unsupported by the presented evidence). Similarly, the "wholly incredible" nature of Plaintiff's allegations and scant evidence, *id.*, does not meet the high burden to establish an injury that is "certain, great, and actual." *Lucero v. Detroit Public Schools*, 160 F.Supp.2d 767, 801 (E.D. Mich. 2001). This Court thus agrees with the Magistrate Judge's conclusion that Plaintiff is unlikely to succeed on the merits of his present claim and fails to demonstrate imminent and irreparable harm, foreclosing injunctive relief at this stage.

Plaintiff's second objection states that he has been unable to produce supporting evidence for his claims because discovery has not yet occurred. But courts in this Circuit, including the *Miles* court, have held that bare assertions such as Plaintiff's do not meet the heightened burden required to obtain the "extraordinary remedy" of a preliminary injunction. *Winter*, 555 U.S. at 24; *see Miles*, No. 5:16-CV-P73-TBR, 2016 WL 3636070 at *3 ("other than his own handwritten letters, grievances, and his verified motion, Plaintiff has submitted no evidence which supports his claim that Defendants are putting him at serious risk of harm by failing to protect him from these so-called 'fecal attacks.'"). Therefore, the Magistrate Judge did not err in recommending denial of Plaintiff's Motion.

Finally, Plaintiff states that Magistrate Judge Morris was wrong to consider that "the mental health staff at the jail determined plaintiff suffered from mental health issues, including schizophrenia." ECF No. 26, PageID.436. Plaintiff evidently disputes the conclusions drawn by the prison's mental health staff and asserts that "[a] false medical entry does not amount to a medical judgment[.]" *Id.* Contrary to Plaintiff's arguments, the Magistrate Judge did not unequivocally conclude or confirm the existence of certain mental health conditions experienced by Plaintiff; rather, Magistrate Judge Morris inferred from the language in Plaintiff's Complaint that the prison's mental health staff engaged in some type of mental health evaluation. *See* ECF No. 20, PageID.360.

Judges are broadly accorded the authority to review all of the claims and factual allegations within a *pro se* plaintiff's complaint. *See Neitzke*, 490 U.S. at 327. Here, Magistrate Judge Morris fulfilled her duty and considered each of the statements presented in Plaintiff's Complaint—including reference to the actions taken by the prison's mental health staff. ECF No. 1, PageID.4. The Magistrate Judge thus did not err in observing that Plaintiff has had at least one mental health examination that may have produced preliminary diagnoses. Contrary to Plaintiff's assertions, however, the Magistrate Judge did not "resolve[] a material issue in dispute between the parties" by making this observation. ECF No. 26, PageID.436.

Thus, Plaintiff's third objection to the Report and Recommendation will also be overruled.

Accordingly, for the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Patricia T. Morris' Report and Recommendation [#20] as this Court's factual findings and conclusions of law. Plaintiff's Objections [#26] are **OVERRULED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2020


CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record and on Michael Burnett, No. 200640, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 on
November 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager