UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURNETT,

Plaintiff,

v.

AMIE JENKINS, ET AL.,

Defendants.

Case No. 19-cv-13513

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#31], GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS [#32], OVERRULING PLAINTIFF'S OBJECTIONS [#33], AND GRANTING DEFENDANT MACAULEY'S MOTION FOR SUMMARY JUDGMENT [#13]**

This matter is before the Court on Plaintiff Michael Burnett's pro se Complaint, filed on November 26, 2019.  ECF No. 1.  Plaintiff alleges that he has been repeatedly forced to consume human and animal waste while incarcerated and seeks damages and injunctive relief.  *Id.* at PageID.3.  On April 13, 2020, Defendant Macauley filed a Motion for Summary Judgment seeking his dismissal from the case.  ECF No. 13.

This Court referred the matter to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on December 15, 2020, recommending that Defendant Macauley's Motion for Summary Judgment be granted.  ECF No. 31.  On December 30, 2020, Plaintiff filed a Motion Requesting Extension of Time to

1

Respond to the Report and Recommendation, citing his limited access to the law library at Bellamy Creek Correctional Facility.  ECF No. 32, PageID.484.  The Court finds this is sufficient justification to warrant the brief extension of the deadline to file his objections and thus GRANTS his Motion [#32].

Plaintiff subsequently filed his Objections to Magistrate Judge Morris' Report and Recommendation on February 2, 2021.  ECF No. 33.  For the reasons discussed below, the Court will OVERRULE Plaintiff's Objections [#33], ACCEPT and ADOPT Magistrate Judge Morris' Report and Recommendation [#31], and thus GRANT Defendant Macauley's Motion for Summary Judgment [#13].

In his Motion for Summary Judgment, Defendant Macauley asserts that Plaintiff failed to properly exhaust his claims against him through the jail's grievance procedures.  *See* ECF No. 13, PageID.106.  Specifically, Defendant states that "Burnett never filed a grievance complaining that Defendant Warden Macauley violated his Eighth Amendment rights by being deliberately indifferent to his health, as alleged in his Complaint," thus precluding Plaintiff from asserting claims against Defendant in this action.  *Id.* at PagID.113.  Magistrate Judge Morris' Report and Recommendation, as well as Plaintiff's Objections, address this exhaustion issue by focusing on both the allegations contained in the Complaint and the content of Plaintiff's previously filed grievances.  *See* ECF No. 31, PageID.481; ECF No. 33, PageID.488.

Upon review of the parties' arguments, this Court finds Magistrate Judge Morris correctly concluded that Plaintiff failed to exhaust his claims against Defendant Macauley in this matter. The Report and Recommendation properly determined that Plaintiff's prior grievances did not adequately name Defendant in a grievance that mentions the complained-of conduct in the Complaint—namely, being force-fed fecal matter in violation of the Eighth Amendment. *See* ECF No. 31, PageID.481. In his Objections, Plaintiff asserts that the summary judgment motion was improperly granted "because there existed a material issue in dispute as to whether [D]efendant Macauley prevented [P]laintiff from exhausting his grievance." ECF No. 33, PageID.488. He cites to two cases outside this Circuit in support of his argument that Defendant's motion should have been denied. *See Wilson v. Williams*, 997 F.2d 348 (7th Cir. 1993); *Gray v. Spillman*, 925 F.2d 90 (4th Cir. 1991).

However, neither of Plaintiff's cited cases, nor the broader case law, supports Plaintiff's position in this matter. As Plaintiff notes in the facts section of his Objections, Defendant Macauley is not alleged to have participated in the forced ingestion of fecal matter at either Macomb Correctional Facility or Bellamy Creek Correctional Facility. In arriving at her recommendation, Magistrate Judge Morris reviewed all thirty-two of Plaintiff's grievances and confirmed that, while one did mention Defendant Macauley, that particular grievance only "refers to an incident

that has not been raised in this action" and is entirely too vague to allow the Court to conclude that Defendant participated in the alleged conduct. *See* ECF No. 31, PageID.481 ("Although this grievance references Defendant Macauley and also references a "physical[] attack," it would not be a fair or accurate reading of the grievance to superimpose the allegation of being force-fed feces considering the whole of the document.").

This Court sees no reason to diverge from the Magistrate Judge's analysis and the exhaustion requirements underscored by the Sixth Circuit: "[u]nder the Department of Corrections' procedural rules, inmates must include the [d]ates, times, places and names of all those involved in the issue being grieved in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal quotations omitted). In straightforward cases, such as the instant matter, a plaintiff's failure to name "all of those involved in the issue being grieved" suggests that the grievance has not been fully and properly exhausted first. *Id.* While numerous, none of Plaintiff's grievances claim that Defendant force-fed Plaintiff feces or otherwise participated in conduct deliberately indifferent to Plaintiff's health in violation of the Eighth Amendment. Further, any failure by the facility to allow a grievance to proceed, as seemingly alleged in Plaintiff's Objections, is not adequately alleged here and must instead be brought in a separate claim against properly specified defendants.

4

This Court therefore finds that the Magistrate Judge did not err in recommending the Court grant Defendant's Motion.  Accordingly, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Patricia T. Morris' Report and Recommendation [#31] as this Court's factual findings and conclusions of law. Plaintiff's Objections [#33] are **OVERRULED** and Defendant Macauley's Motion for Summary Judgment [#13] is **GRANTED**.

    IT IS SO ORDERED.

                                    s/Gershwin A. Drain_____
                                    GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2021

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Michael Burnett, No. 200640, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 on
March 9, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager