UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURNETT,

      *Plaintiff,*

v.

AMIE JENKINS, OFFICER JONES,
OFFICER ELROD, and JANE DOES,

    *Defendants.*
_____/

CASE NO. 19-13513
DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 37)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for leave to amend his complaint as moot.

### II. REPORT

**A. Background**

On November 26, 2019, Plaintiff Michael Burnett, who appears before the Court *pro se*, filed a complaint against Defendants Amie Jenkins, Matthew Macauley, and individuals identified only as Officer Jones, Officer Elrod, and Jane Does, (ECF No. 1, PageID.1) (collectively, "Defendants"), alleging a violation of the Eighth Amendment. (*Id.*)

This Court granted a motion to exclude this case from the Pro Se Early Mediation Program. (ECF No. 11.) All pretrial matters were assigned to the undersigned magistrate

1

judge on April 23, 2020. (ECF No. 15.) Plaintiff filed a Motion for a TRO and Preliminary or Permanent Injunction on the same day as his complaint, November 26, 2019. (ECF No. 3.) The undersigned recommended denial of that Motion on July 2, 2020, (ECF No. 20), which was adopted on November 30, 2020. (ECF No. 29.) Defendant Macauley, alone, filed the instant Motion for Summary Judgment on April 13, 2020, (ECF No. 13), "based solely on failure to exhaust administrative remedies," to which Plaintiff responded and all named Defendants replied. (ECF Nos. 18, 22.)

The Court dismissed defendant Macauley from the action, granting his Motion for Summary Judgment. (ECF No. 34.) In response to Macauley's dismissal from this action, Plaintiff filed the present Motion for Leave to File an Amended Complaint on March 29, 2021, (ECF No. 37), requesting only to amend his complaint so as to remove Macauley from his pleadings in accordance with this Court's dismissal of Macauley as a party.

### B. Motion for Leave to Amend Complaint

Plaintiff's Motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. It provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020). Under this Rule, generally, a party may amend its pleading once as a matter of course, but in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court. *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 376 (6th Cir. 2009). "Once the scheduling order's deadline to amend the complaint passes," *id*., however, "a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Id*. (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (internal quotation marks omitted)).

A court has discretion in allowing amendments. *Berry*, 2020 WL 3485577, at *4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973)). In its discretion to allow an amendment, a court considers factors such as undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, futility of an amended pleading and undue prejudice to the opposing party. *Berry*, 2020 WL 3485577, at *4 (citing *Shane v. Bunzl Distribution USA, Inc*., 200 F. App'x 397, 406 (6th Cir. 2006)).

I first note that this Motion for Leave to Amend comes far later than 21 days after the initial filing, which was in November 2019. (ECF No. 1.) This means that the Motion is left to the discretion of the Court. *Berry*, 2020 WL 3485577, at *4. However, this Motion can be easily adjudicated without addressing the pertinent factors. At the time Plaintiff

3

sought leave for this amendment, Macauley had already been removed from this case after he was granted summary judgment. (ECF No. 34.) This is also the basis of Plaintiff's Motion. (ECF No. 37.) Indeed, at present, the docket reflects Maccauley as "terminated" as a party on March 3, 2021. However, as Macauley is already removed from this matter as a party, granting leave on this basis would simply be moot: "Plaintiff's request to 'remove' Defendant Five9, Inc. is DENIED as moot because Five9, Inc. was terminated on November 29, 2017, and therefore, is no longer a part of this case[.]" *Linlor v. Futero, Inc.*, No. 17cv218, 2018 WL 3437210, at *1, fn. 2 (S.D. Cal. July 17, 2018). In addition, the removal of Macauley from Plaintiff's complaint would not change the complaint in substance. Thus, I suggest that the present Motion be denied as moot.

### C. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 37), be **DENIED AS MOOT**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some

objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 10, 2021               S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge